IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER LAWLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0451-K |
| | § | |
| METRO ENERGY GROUP, INC et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (doc. 9). For the following reasons, the Court **GRANTS** the motion.

**I.  Factual and Procedural Background**

Defendant Jeffrey L. Wheeler ("Mr. Wheeler"), a Texas resident, was a registered representative of M&W Financial, Inc. ("M&W"), an NASD licensed broker-dealer specializing in oil and gas investments, at the time of the underlying incident. Prior to his employment with M&W, Mr. Wheeler had a relationship with Plaintiff Roger Lawler ("Plaintiff"), also a Texas resident, in which he consulted with and recommended to Plaintiff certain oil and gas investments. Upon Mr. Wheeler joining M&W, Plaintiff opened an account with M&W. Mr. Wheeler presented Plaintiff with investment opportunities, including certain opportunities through Defendant Metro Energy Group, Inc. ("Metro"), an oil and gas exploration and development company based in Tulsa,

Oklahoma.  Plaintiff ultimately invested in two of Metro's oil wells.  Based on alleged torts and statutory violations related to these oil well investments, Plaintiff filed suit against Metro and Mr. Wheeler in state court in Dallas.

After filing the lawsuit and pursuant to the arbitration clause of an agreement he had with M&W, Plaintiff instituted a FINRA arbitration proceeding against M&W, alleging it negligently hired and supervised Mr. Wheeler while he was their registered agent.  (The Financial Industry Regulatory Authority, "FINRA," is the successor of the National Association of Securities Dealers, "NASD.")  M&W then filed a third-party claim against Mr. Wheeler in this arbitration.

Metro removed the case to this Court asserting Plaintiff fraudulently joined Mr. Wheeler to defeat diversity jurisdiction.  Plaintiff timely filed this motion to remand.

II. **Applicable Law**

In its notice of removal, Metro contends that Mr. Wheeler has been fraudulently joined.

The removing party bears a heavy burden of proof.  *Lejeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).  To prove fraudulent joinder, the removing party must establish that "there is no reasonable basis for predicting that plaintiffs might establish liability. . .against the in-state defendants."  *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000). When deciding the fraudulent joinder issue, the court must resolve all disputed facts and issues of state law in the plaintiff's favor.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The court shall remand a case where there

is a reasonable basis for believing recovery against the in-state defendant under state law would occur. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). If such basis exists, there is no fraudulent joinder. *Id*. However, if no viable claims exist against the non-diverse defendant, its presence must be ignored for purposes of diversity jurisdiction. *Lejeune*, 950 F.2d at 271.

During the discovery process in state court, the arbitration clause of the agreement between Plaintiff and M&W was provided to Metro. The arbitration clause stipulates that should a dispute arise between Plaintiff and M&W or any of their employees, that dispute would be resolved in arbitration rather than the courts. Metro argues that because Plaintiff initiated the arbitration proceeding, and Mr. Wheeler is now a party to that arbitration, Plaintiff cannot proceed on its claims against Mr. Wheeler in this lawsuit, citing to Rule 12209 of the FINRA Arbitration Code, which prohibits any legal action against a party to a FINRA arbitration "that concerns or that would resolve any of the matters raised in the arbitration."

The Court does not agree with Metro's reasoning for several reasons. First, Plaintiff did not institute an arbitration proceeding against Mr. Wheeler. Plaintiff initiated the proceeding against M&W, which is not a party to this lawsuit. M&W in turn brought Mr. Wheeler into the arbitration as a third-party. Metro's argument is based on the premise that Plaintiff could assert his claims against Mr. Wheeler in the arbitration, therefore, none of Plaintiff's claims against Mr. Wheeler should be allowed to proceed in this case. The record before the Court does not establish that Plaintiff has

asserted any claims against Mr. Wheeler in this arbitration. In fact, in the record is Plaintiff's First Amended Statement of Claim in the arbitration which was filed after M&W brought in Mr. Wheeler as a third-party. Plaintiff asserts claims only as to M&W, and not against Mr. Wheeler. So even after having the opportunity, Plaintiff has apparently chosen to pursue his claims against Mr. Wheeler in this venue rather than in the arbitration.

The case Metro cites in support of its argument is actually supportive of the Court's reasoning. In *Int'l Asset Management, Inc. v. Holt*, 487 F.Supp.2d 1274, 1278 (N.D. Okla. 2007), the defendant, IAM, initiated an arbitration proceeding before the American Arbitration Association ("AAA") against the plaintiffs, the Holts. *Id.* In their answer to the arbitration claims, the Holts filed counterclaims against IAM. *Id.* However, because of a clerical deficiency which the Holts failed to correct, these counterclaims were returned by the AAA as not properly filed. *Id.* Five days before the arbitration proceeding was scheduled to begin, the Holts filed a lawsuit in state court against IAM, asserting claims identical to those in their previously dismissed counterclaims in the arbitration, as well as another defendant, Martin DeVries, a vice-president of IAM, who was not a party to the arbitration. *Id.* The defendant removed the case to federal court, claiming the Holts fraudulently joined Mr. DeVries to defeat diversity jurisdiction. *Id.* In rejecting the fraudulent joinder argument and remanding the case, the court concluded that although the claims asserted in the lawsuit were identical to the counterclaims the Holts submitted to the AAA, those counterclaims were

not a part of the arbitration since they were returned for clerical deficiency. *Id.* The court also pointed out that the Holts obviously chose to pursue their claims against IAM in the lawsuit rather than reassert those claims in the arbitration proceeding. *Id.* The court stated, "When [the Holts] decided to be master of their claims and sue in state court, it is conceivable that [the Holts] made a good-faith determination to sue DeVries, in addition to IAM, as an individual defendant." *Id.* Mr. Wheeler is a party to this lawsuit as well as the arbitration, unlike DeVries in the *Int'l Asset* case, but the same reasoning holds true here and, the Court feels, is even more instructive–Plaintiff has chosen "to be master of [his] claims" and to continue to pursue his claims in court rather than amend his claims in the arbitration to pursue Mr. Wheeler in that venue even after having the opportunity.

Second, the causes of actions brought by Plaintiff in this lawsuit are not the same issues being addressed in the arbitration. In this lawsuit, Plaintiff has filed nine causes of action against Metro and Mr. Wheeler: (1) common law fraud; (2) negligent misrepresentation; (3) breach of fiduciary duty; (4) statutory fraud; (5) Texas DTPA violation; (6) Texas securities violations; (7) Oklahoma securities violations; (8) securities act violation; and (9) an accounting of the investment. In the arbitration, Plaintiff asserts M&W negligently hired and negligently supervised Mr. Wheeler. From the record before the Court, none of the claims from this action appear to relate to the issues raised in the arbitration, let alone to resolve those issues. Moreover, all the claims in this action relate to the actual investment in Metro's wells, and any

misrepresentations stemming from that, whereas the arbitration addresses M&W's negligence as it relates to its employment of Mr. Wheeler. Therefore, the Court concludes that FINRA Rule 12209 does not apply.

III. **Conclusion**

The Court concludes that Metro did not meet its burden in establishing Mr. Wheeler was fraudulently joined to defeat diversity jurisdiction. *See Badon*, 224 F.3d at 393. Accordingly, this case is remanded to the 160th Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

Signed October 30th, 2008.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE